## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

EDUARD POTTS, Jr.,                          )
                                            )
                    **Plaintiff,**          )
                                            )          **CIVIL ACTION**
v.                                          )
                                            )          **No. 25-2152-JWL**
                                            )
FRANK BISIGNANO,                            )
Commissioner of Social Security,            )
                                            )
                    **Defendant.**          )
_____   )


### MEMORANDUM AND ORDER


Counsel has made a Motion for 42 USC §406 (b) Attorney Fees seeking 25% of

Plaintiff's past due Social Security benefits ($3,864.75).   (Doc. 15).   In his motion,

counsel notes the court awarded an attorney fee of $4,571.33 pursuant to the Equal

Access to Justice Act (EAJA) of which $2,609.76 was intercepted by the U. S.

Department of the Treasury to pay for an unpaid student loan debt of the Plaintiff,

resulting in counsel receiving only a portion ($1,961.58) of the fee awarded.   Id. 2.   He

then asserts that if he is awarded the 406(b) fee, he will refund to Plaintiff the $1,961.58

he received from the EAJA fee award as the lesser fee award in accordance with the

requirement that he may not receive a double fee award.   Id.

As counsel notes, in any successful Social Security disability case counsel may be awarded attorney fees under both the EAJA and the Social Security Act.   Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).   However, because "the Social Security Act fee award reduces the client's recovery of past due benefits, … the attorney will receive both the award under EAJA and the award under the Social Security Act but will be required to pay the smaller amount to his client."   Id.

In this case, however, counsel misses the import of that ruling.   Attorney fees of $4,571.33 were awarded under the EAJA but Plaintiff has not paid $2,609.76 of those fees to counsel because they were intercepted to pay another debt to the government. The court intends to award the full 25% of past due benefits currently held by the Social Security Administration ($3,864.75) as an attorney fee pursuant to 42 U.S.C. § 406(b). Because Plaintiff has apparently not yet paid the $2,609.76 shortage in the EAJA fee due to his counsel, the court intends to order that counsel shall retain that amount ($2,609.776) from the past due benefits paid to counsel from the 406(b) fee, and counsel shall refund the remainder ($1,254.99) to Plaintiff.   Thus, counsel will be awarded the greater EAJA fee and Plaintiff will be refunded the funds that would have otherwise constituted a double payment to counsel.

Counsel shall provide a copy of this order to Plaintiff, and Plaintiff's counsel, Plaintiff personally, or counsel for the Commissioner may respond if desired no later than August 24, 2026, with any legal reason the court should not proceed as discussed above.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel, Plaintiff personally, or counsel for the Commissioner may respond, if desired, no later than August 24, 2026, with any legal reason why the court should not proceed as discussed above.

Copies of this order shall be provided to counsel of record through the court's CM/ECF system.

Dated July 23, 2026, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**