**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **EDUARD POTTS, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 25-2152-JWL** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Counsel has made a Motion for 42 USC §406 (b) Attorney Fees seeking 25% of Plaintiff's past due Social Security benefits ($3,864.75). (Doc. 15). In his motion, counsel notes the court awarded an attorney fee of $4,571.33 pursuant to the Equal Access to Justice Act (EAJA) of which $2,609.76 was intercepted by the U. S. Department of the Treasury to pay for an unpaid student loan debt of the Plaintiff, resulting in counsel receiving only a portion ($1,961.58) of the fee awarded. Id. 2. He then asserts that if he is awarded the 406(b) fee, he will refund to Plaintiff the $1,961.58 he received from the EAJA fee award as the lesser fee award in accordance with the requirement that he may not receive a double fee award. Id. Plaintiff's motion is GRANTED, approving a fee in the amount of $3,864.75 pursuant to the Social Security Act.

## I. Background

Plaintiff filed a Complaint in this court on March 25, 2025, seeking judicial review of a decision of the Commissioner of the Social Security Administration. (Doc 1). After the Commissioner filed the administrative record in this case and Plaintiff filed her Social Security Brief, the Commissioner confessed error and filed an unopposed motion to remand. (Doc. 10). The court granted the Commissioner's motion and entered judgment remanding the case for further proceedings. (Docs. 11, 12). The court granted Plaintiff's unopposed motion for attorney fees pursuant to the Equal Access to Justice Act on July 23, 2025, granting fees in the amount of $4,571.33. (Doc. 14). On remand, the Commissioner issued a partially favorable decision, and on March 25, 2026, a "Notice of Award" of benefits to the claimant showing past due benefits of $15,459.00. (Pl. Mot., Attach. 2.

Plaintiff now seeks award of attorney fees of $3,864.75 (25% of past due benefits) pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

## II. Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness

fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases."). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw 450 F.3d 493 at 505, and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id., Gordon, 361 F. App'x at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court recently approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan.

October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No. 21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

## III. Discussion

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $3,864.75. He included a copy of the Legal Representation Agreement signed by Plaintiff and asserts, "The agreed rate for fees is twenty-five percent (25%) of past due benefits awarded," but that agreement does not include the percentage or the dollar amount of the fee to be awarded. (Pl. Mot. 1, & Attach. 1). Counsel did not submit a listing of the hours expended in prosecuting this case before this court in his submission seeking fees pursuant to the Equal Access to Justice Act (EAJA) or when seeking fees pursuant to the Social Security Act. However, the Commissioner's

agreement to the stipulated EAJA fee of $4,571.33 and the amount of the 42 U.S.C. § 406 (b) fee requested demonstrate that counsel has clearly earned the fee requested. Moreover, Plaintiff's response to the court's Memorandum and Order respecting the court's intent to ensure counsel receives the full benefit of the EAJA fee reveals his understanding that counsel has earned his fee. (Docs. 19, 20).

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $3,864.75." (Doc. 18, p.1).

The court has considered both the Gisbecht and the McGuire factors and makes the following findings. Plaintiff has met his burden to prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here. The court notes that counsel achieved a good result for Plaintiff in this case especially considering the Commissioner chose to request remand without challenging Plaintiff's brief.

As the court explained in its Memorandum and Order respecting the court's intent to ensure counsel receives the full benefit of the EAJA fee, attorney fees of $4,571.33 were awarded under the EAJA but Plaintiff has not paid $2,609.76 of those fees to counsel because they were intercepted to pay another debt to the government. The court will award the full 25% of past due benefits ($3,864.75) as an attorney fee pursuant to 42 U.S.C. § 406(b). Because Plaintiff has apparently not yet paid the $2,609.76 shortage in the EAJA fee to his counsel, the court will order that counsel shall retain that amount ($2,609.76) from the past due benefits paid counsel from the 406(b) fee, and counsel

shall refund the remainder ($1,254.99) to Plaintiff. The effect is that counsel will be awarded the greater EAJA fee and Plaintiff will be refunded the funds that would have otherwise constituted a double payment to counsel.

The court finds that 25% of past due benefits, or $3,864.75, is a reasonable fee in the circumstances of this case and shall be awarded to counsel.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $3,864.75 which the Commissioner shall provide to Plaintiff's counsel subject to any remaining past due benefits held by the Commissioner.

**IT IS FURTHER ORDERED** that if the Commissioner holds $2,609.76 or more past due benefits which it provides to counsel, counsel shall retain $2,609.76 and shall refund any remainder to Plaintiff to ensure counsel receives the full EAJA fee granted, and Plaintiff does not pay any portion of a double fee.

Dated August 26, 2026, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**